CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
October 09, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **BRAYDEN PHILLIPS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26CV00005 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **TERRY WOODS, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Daniel H. Goldman, THE LAW OFFICE OF DANIEL GOLDMAN, PLLC, Alexandria, Virginia, and Evan M. Goldberg, THE LAW OFFICE OF EVAN M. GOLDBERG, Washington, D.C., for Plaintiff; Cassandra E. Sheehan, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Defendants.*

In this action for deprivation of civil rights under 42 U.S.C. § 1983, the plaintiff, Brayden Phillips, a Virginia inmate, asserts claims against prison supervisory officials, as well as a correctional officer who allegedly shot him intentionally in the face with less-lethal projectiles. The supervisory officials have moved to dismiss the Amended Complaint against them for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). They also argue that the Court should dismiss any official capacity claims for monetary damages. I find that the plaintiff has not averred facts sufficient to make a plausible claim of supervisory liability, and state sovereign immunity extends to state officials sued in their official capacity for monetary damages. Therefore, I will grant the Motion to Dismiss.

I.

The Amended Complaint alleges the following facts, which I must accept as true for purposes of deciding the Motion to Dismiss.

Mr. Phillips alleges that on January 20, 2024, he was assaulted by a fellow inmate while serving a term of incarceration at Red Onion State Prison (Red Onion). In response to the altercation, Correctional Officer Terry Woods shot Mr. Phillips twice in the face with two 40-millimeter Blunt Impact Projectile (BIP) rounds from an elevated platform approximately 30 feet away, causing him injury. Mr. Phillips alleges that the three defendant officials violated the Eighth Amendment through deliberately indifferent supervision.[1]

Generally, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

[1] The initial Complaint, filed January 19, 2026, named as defendants in addition to Mr. Woods, Harold W. Clarke, Director of the Virginia Department of Corrections (VDOC), and David Anderson, Warden of Red Onion. In the Amended Complaint, filed in response to the first Motion to Dismiss, the plaintiff named Chadwick Dotson, a new Director of VDOC, and substituted Rick White for defendant Anderson as Warden of Red Onion. Director Dotson was sued both in his official and individual capacity. The other defendants were sued in their individual capacity. For relief, both versions seek compensatory and punitive damages.

the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Although a complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The plaintiff and the defendants agree that the following is the controlling standard for supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff;
>
> (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and
>
> (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

II.

Mr. Phillips's allegations of constructive knowledge are not sufficiently particular. Mr. Phillips alleges that, since Mr. Dotson and Mr. White had

supervisory responsibilities, they would be aware of ongoing investigations into abusive practices. He offers no other facts that would tend to prove they specifically knew about improper less-lethal weapon use.

Mr. Phillips alleges that Mr. Clarke should have known about the practice of firing less-lethal weapons at prisoners' faces because he was deposed in the class action case in this Court, *Thorpe v. Virginia Department of Corrections*, involving solitary confinement issues. But Mr. Phillips has not alleged that Mr. Clarke's deposition involved questions about firing less-lethal weapons nor is it an obvious inference that he received such questions.

III.

Mr. Phillips's claim with regard to pervasive and unreasonable risk also lacks necessary support. Even assuming that a practice of intentionally shooting prisoners in the face with BIPs poses an unreasonable risk of harm of constitutional injury, Mr. Phillips still fails to demonstrate that the conduct was widespread or occurred on multiple occasions. *See Shaw*, 13 F.3d 799 ("Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions."). Although Mr. Phillips alleges that he knew that other inmates had been shot in the face with less-lethal weapons, he does not indicate the frequency with which that happened. Moreover, Mr. Phillips

alleges all other instances of less-lethal weapon use he experienced were aimed at his lower extremities. Compl. ¶ 21, Dkt. No. 1.

IV.

Mr. Phillips also has not alleged deliberate indifference. Mr. Phillips "may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" *Shaw*, 13 F.3d 799 (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984)). Mr. Phillips alleges that the incident here "occurred within a broader institutional environment in which correctional officers at [Red Onion] were insufficiently supervised, insufficiently disciplined, or inadequately trained regarding use-of-force limitations and less-lethal munitions deployment." Am. Compl. ¶ 43, Dkt. No. 17. Without more detail about how the supervision, discipline, and training were insufficient, this is a conclusory statement. Mr. Phillips also has not alleged that the supervisors had access to documentation of the abuses.

V.

Mr. Phillips adequately alleges causation in the sense that a supervisor's failure to investigate can be considered the cause of an injury inflicted by a subordinate. *Shaw*, 13 F.3d, 800-01. In any event, he fails to particularly allege the rest of the elements of supervisory liability.

VI.

Mr. Phillips attempted to state a claim for monetary damages against Mr. Dotson in his official capacity. However, he is precluded from doing so because state sovereign immunity extends to state officials sued in their official capacity for monetary damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

VII.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss, Dkt. No. 14, is GRANTED and Count II of the Complaint and any official capacity claims for monetary damages are DISMISSED, all without prejudice. The Clerk shall terminate defendants Clarke, Dotson, and White on the docket.

ENTER: October 9, 2026

/s/ JAMES P. JONES
Senior United States District Judge